UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-50879 |
| | ) | |
| Melt Bar and Grilled, Inc., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Alan M. Koschik |
| | ) | |
| | ) | |

**<u>OBJECTION OF THE HUNTINGTON NATIONAL BANK TO DEBTOR'S
EMERGENCY MOTION FOR USE OF CASH COLLATERAL [DOCKET NO. 7]</u>**

The Huntington National Bank ("Huntington"), by and through its undersigned counsel, hereby objects to the Debtor's Emergency Motion for Entry of an Order Setting a Hearing at the Earliest Possible Time on its (A) Emergency Motion for Immediate Hearing on (1) its Emergency Motion for Authority to Use Cash Collateral, to Provide Adequate Protection and Request for Immediate Hearing (the "Emergency Motion") and the Debtor's proposed use of cash collateral absent payment of adequate protection in an amount not less than $10,000 per month to Huntington. In support hereof, Huntington states as follows:

1. Huntington and Debtor, through counsel, negotiated the proposed interim cash collateral order attached to the Emergency Motion.

2. Upon filing, the Debtor omitted reference to any cash collateral monthly payment amount to be made to Huntington, leaving the amount blank. In negotiations proceeding filing of the Debtor's case, the Debtor offered $5,000 per month and Huntington countered at $10,000 per month for the first two (2) months of the Debtor's case.

3. During the afternoon of the June 18, 2024, the Debtor proposed an unacceptable monthly payment amount of $3,700 to Huntington.

4. Debtor fails to satisfy the requirements of Bankruptcy Code Sections 361 and 363 in that the cash collateral interests of Huntington are not adequately protected.

5. If the Debtor cannot even make adequate protection payments to Huntington at an amount equal to $1,000 per week, the Debtor has no place in a Chapter 11 reorganization case.

6. Based on the usage of cash collateral and applicable values, Debtor should be required to pay Huntington $2,500 per week, or $10,000 per month.

7. *Huntington reserves all rights to object to the Debtor's use of cash collateral and the Emergency Motion at the hearing thereon.*

WHEREFORE, The Huntington National Bank respectfully requests that the Court (a) deny the Debtors' use of cash collateral unless $10,000 per month is paid to Huntington, and (b) provide all other just and proper relief.

Dated: June 18, 2024       Respectfully submitted,

/s/ Michael P. Shuster
Michael P. Shuster, Esq. (OH Bar No. 0064518)
Porter Wright Morris & Arthur LLP
950 Main Ave., Suite 500
Cleveland, Ohio 44113-7206
Telephone: 216-443-2510
Fax: 216-443-9011
mshuster@porterwright.com

*Attorneys for The Huntington National Bank*

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Objection of the Huntington National Bank to Debtor's Emergency Motion for Use of Cash Collateral [Docket No. 7] was filed electronically this 18th day of June 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

*/s/ Michael P. Shuster*
Michael P. Shuster, Esq. (OH Bar No. 0064518)
Porter Wright Morris & Arthur LLP
950 Main Ave., Suite 500
Cleveland, Ohio 44113-7206
Telephone: 216-443-2510
Fax: 216-443-9011
[mshuster@porterwright.com](mailto:mshuster@porterwright.com)
*One of the Attorneys for*
*The Huntington National Bank*

3