This document was signed electronically on June 21, 2024, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: June 21, 2024



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 24-50879 |
| | ) | |
| MELT BAR AND GRILLED, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Alan M. Koschik |
| | ) | |
| | ) | |

### ORDER SETTING (A) MANDATORY STATUS CONFERENCE IN SUBCHAPTER V CHAPTER 11 CASE; (B) BAR DATES AND DEADLINE TO SERVE BAR DATE NOTICE; (C) DEADLINE FOR ELECTION UNDER 11 U.S.C. § 1111(b)(2); AND (D) OTHER DEADLINES

Melt Bar and Grilled, Inc., the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), filed its voluntary Chapter 11 Subchapter V petition on June 14, 2024. The Court enters this Order in accordance with Subchapter V of Chapter 11 of Title 11 of the United States Code.

**IT IS HEREBY ORDERED THAT:**

1. The Court will convene a status conference required by 11 U.S.C. § 1188(a) on **August 6, 2024, at 2:00 p.m.**, in Courtroom 260 of the John F. Seiberling Federal Building and U.S. Courthouse, 2 South Main Street, Akron, Ohio.

2. Parties or counsel may request permission to appear at the status conference telephonically by calling courtroom deputy Mary Knotts at (330) 252-6134 no later than 3:00 p.m. the day before the hearing.

3. The Debtor shall file a report that details the efforts it has undertaken and will undertake to attain a consensual plan of reorganization, as required by 11 U.S.C. § 1188(c), and shall serve that report on Patricia B. Fugee, the duly-appointed Subchapter V trustee in this case (the "Trustee"), the United States Trustee, and all parties in interest no later than **July 23, 2024**, fourteen (14) days prior to the status conference.

4. The Debtor is required by rule to serve notice of the commencement of this case to any person known to be holding money or property subject to withdrawal or order of the Debtor within 14 days following entry of the order for relief. Fed. R. Bankr. P. 2015(a)(4).

5. **Non-governmental Bar Date.** Pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, the deadline to file claims in this case for all creditors other than governmental units shall be **August 27, 2024**.

    Pursuant to Rule 3003(b)(1), any creditor whose claim has been scheduled by the Debtor shall constitute *prima facie* evidence of the validity and amount of the claim, unless the claim is scheduled as disputed, contingent, or unliquidated. If a creditor is satisfied with any claim scheduled by the Debtor as not disputed, contingent, or unliquidated, a proof of claim or interest shall not be necessary. This deadline will not apply to those creditors who are granted additional time pursuant to Rule 3002(c)(2) (infant or incompetent person or the representative of either), Rule 3002(c)(3) (certain judgment creditors), Rule 3002(c)(4) (a claim arising from the rejection of an executory contract or unexpired lease with the Debtor), and Rule 3002(c)(6)(certain creditors granted extensions of time by the Court as a result of insufficient notice).

6. **Governmental Bar Date.** Pursuant to 11 U.S.C. § 502(b)(9) and Rule 3002(c)(1), a proof of claim filed by a governmental unit shall be timely filed if it is filed not later than **December 11, 2024**, the date that is 180 days after the Debtor's petition date and the Court's order for relief.

7. **Debtor's Deadline to Serve Bar Date Notice.** The Debtor and its counsel shall serve all creditors with a notice of the bar dates set in paragraphs 5 and 6 of this order no later than **June 28, 2024**. The Debtor shall also file a copy of the bar date notice with the Court, along with a certificate of service indicating to whom the notice was mailed.

8. Not later than **September 12, 2024**, 90 days following entry of the order for relief, the Debtor shall file and serve a plan. 11 U.S.C. § 1189(b). Such plan shall conform to the requirements of 11 U.S.C. §§ 1190 and 1191, along with the applicable provisions of 11 U.S.C. §§ 1123 and 1129.

9. The Court expects compliance with 11 U.S.C. §§ 1187(a), 1116(1)(A), and 1116(1)(B), which require debtors in a voluntary case filed under Subchapter V, Chapter 11 of Title 11 to file and serve the following documents with the petition for relief:

   a. their most recent balance sheet;
   b. their most recent statement of operations;
   c. their cash−flow statement; and
   d. their most recent federal income tax return.

   If the Debtor has not prepared one or more of the foregoing documents or, in the case of a federal income tax return, has not filed such a return, then in lieu of such document(s) and/or return, 11 U.S.C. §§ 1187(a), 1116(1)(A), and 1116(1)(B) require the Debtor to file with the petition for relief a declaration attesting to that fact under penalty of perjury.

10. Any secured creditor that wishes to make an election under 11 U.S.C. § 1111(b)(2) shall do so no later than 14 days following the filing of the original or any amended plan.

11. Within 14 days following substantial consummation of any confirmed plan, the Debtor shall file, and shall serve on the Trustee, the United States Trustee, and all parties in interest a notice of substantial consummation. 11 U.S.C. § 1183(c)(2).

12. Failure to comply with this order may result in the imposition of sanctions against the Debtor or the Debtor's counsel. In the Court's discretion, these sanctions might include, but are not limited to, conversion or dismissal of this case, removal of the debtor-in-possession, and/or monetary sanctions.

# # #