**This document was signed electronically on June 21, 2024, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: June 21, 2024**



**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

IN RE MELT BAR AND GRILLED, INC.
  *Debtor*

CASE NO. 24-50879
CHAPTER 11
JUDGE KOSCHIK

### INTERIM ORDER GRANTING EMERGENCY MOTION FOR ORDER (A) AUTHORIZING (I) PAYMENT OF PRE-PETITION WAGES, SALARIES AND EMPLOYEE BENEFITS, (II) REIMBURSEMENT OF EMPLOYEE BUSINESS EXPENSES AND (III) PAYMENT OF OTHER EMPLOYEE-RELATED AMOUNTS AND (B) AUTHORIZING APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS AND DRAFTS DRAWN AND UTILIZE ITS EXISTING PAYROLL ACCOUNT TO PROCESS TRANSACTIONS
### [DOC. 5]

Before the Court is the Emergency Motion for Order (A) Authorizing (i) Payment of Pre-Petition Wages, Salaries and Employee Benefits, (ii) Reimbursement of Employee Business Expenses and (iii) Payment of Other Employee-Related Amounts And (B) Authorizing Applicable Banks and Other Financial Institutions to Receive, Process, Honor and Pay All Checks and Drafts Drawn And Utilize Its Existing Payroll Account To Process Transactions [Doc. 5] ("Motion") filed by Melt Bar and Grilled, Inc. , as debtor and debtor-in-possession herein, (the "Debtor"). Notice of the Motion having been given to (i) the United States Trustee,

89479/1287-001

and (ii) the Debtor's twenty (20) largest unsecured creditors; the Subchapter V Trustee and it appears that no other notice need be given; a hearing on the Motion having been held before the court on June 20, 2024, the Court having heard the statements of counsel and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtor is hereby authorized (but not obligated) to pay all wages and salaries to its employees and to pay any other Employee Amounts which includes, but is not limited to, salary and wages for the pay periods through June 14, 2024 in the approximate total amount of $100,000.00, which amounts may include un cash payroll checks issued by the Debtor on the Petition Date that had not yet been cashed but only up to the priority amounts set forth in 11 U.S.C. §§ 507(a)(4) and 507(a)(5), together with such payroll and withholding taxes, that has accrued but has remained unpaid as of the Petition Date; however the debtor shall not pay severance, vacation pay or bonuses without further Court order and it is further;

ORDERED, that the Debtor is hereby authorized (but not obligated) to pay all pre-petition amounts due for Employee Deductions including, but not limited to, all federal, state and local payroll related taxes and the employees' portion of FICA and unemployment taxes, employee contributions for Health Benefits, and legally ordered wage garnishments, child support and tax levies, if any; and it is further

ORDERED, that KeyBank, is hereby authorized to service and administer the KeyBank Payroll Account as the accounts of the debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn and utilize internet account access to process transactions on the KeyBank Payroll Account, whether presented for payment, drawn or issued before or after the Petition Date by the holders

24-50879-amk    Doc 26    FILED 06/21/24    ENTERED 06/21/24 13:59:39    Page 2 of 4

or makers thereof, as the case may be, provided sufficient funds are in the KeyBank Payroll

Account to cover them; and it is further

ORDERED, that any payment made on claims entitled to administrative priority will

reduce such priority claim; and it is further

ORDERED, that neither this Order nor the Debtor's payment of any amounts authorized

by this Order, shall (i) result in any assumption of any executory contracts by the Debtor or (ii)

impose any administrative pre-petition or post-petition liabilities upon the Debtor.

ORDERED that this Order shall become a FINAL ORDER if no Objection to it is filed

on or before June 27, 2024, by 4:00 PM EDT;

ORDERED that if any such Objection is timely filed than it shall be heard before this

Court on June 28, 2024 at 10:00 AM . in 2 S Main St Rm 260, Akron, OH 44308 or via **DIAL**

**IN INFORMATION: Telephone: (866) 4345269 Access Code: 2469740#.**

###

Prepared by,
/s/ Frederic P. Schwieg
_____
Frederic P. Schwieg
Attorney at Law.
19885 Detroit Rd # 239
Rocky River OH 44116-3008
1 (440) 499-4506
fschwieg@schwieglaw.com
Counsel to Debtors, Proposed Counsel to
Debtors-in-Possession

No Objection:
/s/ Lauren C. Schoenewald
_____
Lauren C. Schoenewald, #0097694
201 Superior Avenue East, Suite 441
Cleveland, OH 44114
Telephone: 216-522-7810
Facsimile: 216-522-7193
Lauren.schoenewald@usdoj.gov
_Office of the United States Trustee_

3

No Objection:
/s/ Patricia Fugee

Patricia B. Fugee, Trustee Fisher Broyles LLP
27100 Oakmead Dr Box 306 Perrysburg OH 43551
(419) 874-6859
patricia.fugee@fisherbroyles.com
Subchapter V Trustee

**ECF Service**

Patricia B. Fugee
patricia.fugee@fisherbroyles.com, cpbf11@t
rustesolutions.net

Frederic P. Schwieg on behalf of Debtor Melt
Bar and Grilled, Inc.
fschwieg@schwieglaw.com

Michael P. Shuster on behalf of Creditor
THE HUNTINGTON NATIONAL BANK
mshuster@porterwright.com

Lauren Schoenewald ust47 on behalf of U.S.
Trustee United States Trustee
lauren.schoenewald@usdoj.gov

4