# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 24-50879 (AMK)** |
| | ) | |
| **Melt Bar and Grilled, Inc.,** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | **Judge Alan M. Koschik** |

## OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S MOTION FOR AN ORDER ESTABLISHING THE PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE DEBTOR'S PLAN OF REORGANIZATION AND TO SET DATES RELATED THERETO

Andrew R. Vara, United States Trustee for Region 9 (the "United States Trustee"), by and through his undersigned counsel hereby files this objection to the *Debtor's Motion for an Order Establishing the Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Debtor's Plan of Reorganization and to Set Dates Related Thereto* (the "Motion") (Docket No. 109) filed by Melt Bar and Grilled, Inc. (the "Debtor"). In support, the United States Trustee respectfully states:

### Jurisdiction

1.     Under (i) 28 U.S.C. § 1334, (ii) applicable orders of the United States District Court for the Northern District of Ohio issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Objection.

2.     Under 28 U.S.C. § 586, the United States Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that the United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3.      Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the issues raised in this Objection.

## Factual Background

4.      On June 14, 2024, the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. Docket No. 1.

5.      On September 12, 2024, the Debtor filed *Melt Bar and Grilled, Inc.'s Plan of Reorganization Dated September 12, 2024* (the "Plan").

6.      On September 23, 2024, the Debtor filed the Motion, which includes the following provisions regarding the tabulation of ballots:

> 4. Ballots that fail to indicate an acceptance or rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will be tabulated as an acceptance unless the claim on which the Ballot is cast is the subject of an objection or is listed on the Debtor's schedules as contingent, unliquidated, or disputed.

> 5. If no vote to accept or reject the Plan is received with respect to a particular class, the Debtor requests that such class be deemed to have voted to accept the Plan or ignored for the purposes of acceptance or rejection of the Plan.

Docket No. 109 at 3.

## Legal Standard

7.      Section 1191 of the Bankruptcy Code governs confirmation of plans in subchapter V cases. Section 1191(a) governs the consensual confirmation of a plan whereby a plan must comply with all provisions of section 1129(a) other than paragraph 15. Section 1191(b) governs the nonconsensual confirmation of a plan whereby the plan must comply with all provisions of section 1129(a) other than paragraphs (8), (10), and (15) of that section. 11 U.S.C. § 1191; *In re Pearl Res., LC*, 622 B.R. 236, 251 (Bankr. S.D. TX 2020). Section 1129(a) provides, in pertinent part:

> (a) The court shall confirm a plan only if all of the following requirements are met:
> . . . .

(8) With respect to each class of claims or interests—
    (A) such class has accepted the plan; or
    (B) such class is not impaired under the plan.

. . . .

(10) If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider.

11 U.S.C. § 1129(a).

8. Section 1126 of title 11 of the United States Code provides in pertinent part:

(c) A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (3) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (3) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126.

9. Federal Rule of Bankruptcy Procedure 3018(c) requires that the acceptance or rejection of a plan be in writing:

(c) *Form of Acceptance or Rejection.* An acceptance or rejection shall be in writing, identifying the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form.

Fed. R. Bankr. P. 3018(c).

10. The United States Trustee objects to the Motion's proposed procedures for vote tabulation that would treat anything other than an affirmative acceptance as a vote to accept the plan. These provisions are contrary to Bankruptcy Rule 3018 and 11 U.S.C. § 1126(c). Section 1126(c) sets forth that a class of claim has accepted a plan if it has been accepted by enough creditors to satisfy the numerosity requirements of that provision. Bankruptcy Rule 3018(c), which specifies the form of acceptance or rejection of a plan, requires that acceptance be in writing and be signed by the creditor. Fed. R. Bankr. P. 3018(c). Accordingly, a class that has not received any

written acceptances of the plan from any of its creditors has not accepted the plan pursuant to section 1126(c).

11. The majority of courts considering the issue have determined that a class that has not voted cannot be deemed to have accepted the plan. *In re Bressler*, No. 20-31024, 2021 WL 126184, at *3–*4 (Bankr. S.D. Tx. Jan. 13, 2021) ("If a creditor has not voted in adherence with Rule 3018(c), then they have not accepted or rejected the plan. Those 'nonvotes' do not satisfy the language of § 1126(c) and thus do not count toward the numerosity requirements."); *In re Thomas Orthodontics*, Case No. 23-25432, 2024 Bankr. LEXIS 2334, at *19 (Bankr. E.D. Wis. Sept. 25, 2024) ("A creditor's acceptance of a chapter 11 plan, whether under subchapter V or otherwise, must be in writing and conform to the requirements of Rule 3018."); *In re Creason*, Case No. 22-00988, 2023 WL 2190623, at *2 (Bankr. W.D. Mich. Feb. 23, 2023) ("the court finds it impossible to reconcile the notion of "deemed acceptance" with the formal requirements of Rule 3018(c)"); *In re Cheerview Enters.*, 586 B.R. 881, 894 (Bankr. E.D. Mich. 2018) (determining that section 1126 and Bankruptcy Rule 3018(c) "make clear that a claimant's acceptance of a plan of reorganization requires an affirmative act—a written acceptance on the prescribed form" and "do not authorize the Court to infer a claimant's acceptance just because the claimant did not vote to reject a plan of reorganization."); *In re Augusto's Cuisine Corp.*, No. 15-09390, 2017 Bankr. LEXIS 833, at *21–*26 (Bankr. D.P.R. Mar. 28, 2017) ("The court concludes that Fed. R. Bankr. P. 3018(c), Sections 1126(c) and 1129(a)(8) require the affirmative acceptance of a creditor to accept (vote for) a plan."); *In re Vita Corp*, 358 B.R. 749, 751 (Bankr. C.D. Ill. 2007) ("Joining the majority, this Court holds that Sections 1129(a)(8) and 1126(c) require the affirmative assent of a creditor as the necessary means by which that creditor accepts a plan. A creditor's failure to return a ballot rejecting the plan, does not constitute the creditor's deemed acceptance of the

plan."), *aff'd*, 480 B.R. 525 (C.D. Ill. 2008); *see In re Trenton Ridge Investors, LLC*, 461 B.R. 440, 456–57 (Bankr. S.D. Ohio 2011).[1] Therefore, the United States Trustee asserts that the proper reading of the Bankruptcy Code and Rules is that deemed acceptance is not permitted because it does not meet the requirements of Rule 3018(c) and section 1126(c).

12. The United States Trustee also objects to the Motion's proposed procedures that would ignore a non-voting class for purposes of determining acceptance, as such a provision is contrary to section 1129(a)(8). Section 1129(a)(8) requires each class of creditors to have either accepted the plan or to not be impaired under it. Therefore, to ignore a non-voting impaired class for purposes of determining acceptance of a plan directly conflicts with the plain language of section 1129(a)(8). *In re M.V.J. Auto World, Inc.*, 661 B.R. 186, 189–190 (Bankr. S.D. Fl. 2024) ("It is not absurd that no creditors in a class voting on a plan should be treated any differently than a situation where there is not a sufficient number of creditors voting in favor of a plan to satisfy section 1129(a)(8). Moreover, section 1129(a)(8) does not compel acceptance or rejection; section 1129(a)(8) looks to whether a class has accepted a plan, not whether a class has rejected a plan or stood silent.").[2]

13. To the extent that the Debtor asserts that the Court's decision to deny provisions that deem acceptance or ignore a non-voting class would impede confirmation of the Plan, such an argument is unfounded. In a subchapter V case, the failure of a class to accept the plan is not an impediment to confirmation, as the debtor can proceed with confirmation pursuant to 11 U.S.C. § 1191(b). While rejecting provisions that allow for deemed acceptance or ignoring classes would

---

[1] *But see In re Ruti-Sweetwater*, 836 B.R. F.2d 1263, 1267 (10th Cir. 1988); *In re Adelphia Communs. Corp.*, 368 B.R. 140, 260–62 (Bankr. S.D.N.Y. 2007); *In re Robinson*, 632 B.R. 208, 217–21 (Bankr. D. Kan. 2021).

[2] *But see In re Hot'z Power Wash, Inc.*, No. 23-30749, 2023 WL 7382875, at *4–*5 (Bankr. S.D. Tx. Nov. 7, 2023); *In re Franco's Paving, LLC*, 654 B.R. 107 (Bankr. S.D. Tex. 2023).

prevent the confirmation of the Plan on a consensual basis, the Debtor's Plan could still be confirmed nonconsensually.

**WHEREFORE**, the United States Trustee respectfully submits that the Court (i) sustain the Objection, (ii) deny the proposed procedure for vote tabulation that deems a vote that fails to clearly indicate acceptance or rejection of the Plan as an acceptance of the Plan, (iii) deny the proposed procedure for vote tabulation that ignores a class that fails to receive any votes, and (iv) grant such other relief as is just.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

By: */s/ Lauren C. Schoenewald*
Lauren C. Schoenewald (0097694)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
201 Superior Avenue East, Suite 441
Cleveland, Ohio 44114
Phone: (216) 522-7810
Email: lauren.schoenewald@usdoj.gov

<u>**Certificate of Service**</u>

I hereby certify that on October 7, 2024, a true and correct copy of the ***Objection of the United States Trustee to the Debtor's Motion for an Order Establishing the Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Debtor's Plan of Reorganization and to Set Dates Related Thereto*** was served upon the following in the manner indicated:

Via the Court's Electronic Case Filing System:

- Nicholas J. Brannick    brannickn@ballardspahr.com
- Maria Carr    mcarr@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com
- Thomas W. Coffey    tcoffey@tcoffeylaw.com, nbeba@tcoffeylaw.com
- Patricia B. Fugee    patricia.fugee@fisherbroyles.com, cpbf11@trustesolutions.net
- Eric M Kyser    ekyser@westonhurd.com, pjonak@westonhurd.com
- David M. Neumann    dneumann@meyersroman.com, docket@meyersroman.com;mnowak@meyersroman.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- Michael P. Shuster    mshuster@porterwright.com
- United States Trustee    (Registered address)@usdoj.gov
- Michael S. Tucker    mtucker@ulmer.com
- Joshua Ryan Vaughan    jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com
- Daniel James Williams    dwilliams@dworkenlaw.com
- Lauren Schoenewald ust47    lauren.schoenewald@usdoj.gov

And by regular U.S. Mail, postage prepaid, on:

Rea & Associates, Inc.
230 N Market St.
Wooster, OH 44691

*/s/ Lauren C. Schoenewald*
Lauren C. Schoenewald (0097694)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
201 Superior Avenue East, Suite 441
Cleveland, Ohio 44114
Phone: (216) 522-7810
Fax: (216) 522-7193
Email: lauren.schoenewald@usdoj.gov